# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3665 | **DATE** | 2/22/2011 |
| **CASE TITLE** | Uvalle vs. Dominick et al | | |

**DOCKET ENTRY TEXT**

The Court denies Defendant Larry Dominick's motion to reconsider and alter [107] because he has failed to establish that the Court committed a manifest error of law or fact in the February 10, 2011 summary judgment order.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

     On February 10, 2011, the Court granted in part and denied in part the Individual Defendants' summary judgment motion and denied Defendant Town of Cicero's summary judgment motion in this First Amendment political affiliation lawsuit brought pursuant to 42 U.S.C. § 1983. The Court presumes familiarity with its February 10, 2011 Memorandum, Opinion, and Order. Before the Court is Individual Defendant Larry Dominick's Motion to Reconsider and Alter the Court's denial of his summary judgment motion. For the following reasons, the Court, in its discretion, denies Dominick's motion for reconsideration because he has not established that the Court committed a manifest error of law or fact.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**LEGAL STANDARD**

Because the Court's February 10, 2011 Memorandum, Opinion, and Order did not dispose of this case in its entirety, the Court reviews Dominick's reconsideration motion under Federal Rule of Civil Procedure 54(b), which states in relevant part:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Accordingly, under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders because such orders may be revised at any time before the Court enters a final judgment. *See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.,* 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable"). Motions for reconsideration under Rule 54(b) serve the limited function of correcting manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987); *Zurich Capital Mkt., Inc. v. Coglianese,* 383 F.Supp.2d 1041, 1045 (N.D. Ill. 2005). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). In addition, a motion for reconsideration "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *County of McHenry v. Insurance Co. of the West,* 438 F.3d 813, 819 (7th Cir. 2006). Whether to grant a motion for reconsideration is "entrusted to the sound judgment of the district court." *Matter of Prince,* 85 F.3d 314, 324 (7th Cir. 1996); *see also United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010).

**BACKGROUND**

The Court denied Dominick's summary judgment motion concluding that Plaintiff Noel Uvalle had presented sufficient evidence from which a jury could reasonably find that the Town of Cicero and Dominick terminated his employment based on his political affiliation due to the suspicious timing of his termination and certain Cicero Voters Alliance ("CVA") members' statements and conduct.

**ANALYSIS**

**I.      Factual Errors**

In his motion for reconsideration, Dominick maintains that the Court made improper inferences and relied upon inadmissible hearsay in concluding that Dominick had knowledge of Uvalle's political affiliation, namely, that he supported another candidate for Town President in the February 2009 election, and that Uvalle's support of Roberto Garcia was the cause of his termination. To start, Dominick argues that – although properly disputed – the Court should not have relied upon the fact that: "Dominick, the head of the CVA, told CVA members at a December 2008 meeting that if he found out any Cicero employees supported the other side in the February 2009 election, the employee should look for another job and that Dominick would find out about it." (R. 106, Mem, Op, & Order, at 8.) Citing a 1992 Seventh Circuit case, Dominick explains that this fact is not relevant to the outcome of the case, and thus is not material. *See First Indiana Bank v. Baker,* 957 F.2d 506, 508 (7th Cir. 1992) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.") (citation omitted). This fact, however, is highly relevant because it goes directly to whether Dominick

and the Town of Cicero terminated Uvalle based on his support of Garcia. In addition, this fact is relevant for background information leading up to the February 2009 Town President election and Dominick's knowledge of Uvalle's political affiliation because this statement put the attendees on notice that Dominick would find out if they worked for the other side during the February 2009 election.

Next, Dominick argues that the undisputed fact that he talked to CVA volunteer Alex Rueda about working on the Garcia campaign to get information does not imply that he had knowledge of Uvalle's political affiliation. Based on this fact and others in the record, as discussed below and in the Court's earlier order, it was reasonable for the Court to infer that Dominick had knowledge of Uvalle's political affiliation because the facts supporting this inference were not based on speculation or conjecture, but instead, were based on evidence in the record. *See Singer v. Raemisch,* 593 F.3d 529, 533 (7th Cir. 2010); *Trade Fin. Partners, LLC v. AAR Corp.,* 573 F.3d 401, 406-07 (7th Cir. 2009). Dominick also points to his response to Uvalle's Local Rule 56.1 Statement in support his argument, but as the Court made clear in its earlier order, the Court will not consider any additional facts proposed by the parties in their Local Rule 56.1(b)(3)(B) Responses. *See Ciomber v. Cooperative Plus, Inc.,* 527 F.3d 635, 643 (7th Cir. 2008). As such, this argument fails.

Similarly, Dominick argues that the Court's reliance on the fact that CVA members were present at a February 11, 2009 Garcia meeting that Uvalle attended does not implicate that Dominick himself had knowledge of Uvalle's political affiliation. Again, based on this fact in the context of the upcoming election, along with Uvalle's presence at this meeting, the December 2008 Garcia meeting, and Dominick's warning that he would find out who was working for Garcia, it was reasonable to infer – viewing everything in a light most favorable to Uvalle – that Dominick had knowledge of Uvalle's political affiliation. *See Singer,* 593 F.3d at 533; *Trade Fin. Partners*, 573 F.3d at 406-07.

Dominick also argues that the fact that certain CVA members, who were also Cicero employees, knew that Uvalle worked on Garcia's campaign is based on inadmissible evidence. *See Gunville v. Walker,* 583 F.3d 979, 985 (7th Cir. 2009) (a "party may not rely upon inadmissible hearsay to oppose a motion for summary judgment."). The exact factual statement reads as follows: "Uvalle testified that outside of the polling place on that date, two Cicero employees, who were also CVA members, confronted him and told him that he would be fired for supporting Garcia." (Mem, Op, & Order, at 4.) The CVA members' statements, however, are admissions by a party opponent, and thus admissible under Federal Rule of Evidence 801(d)(2). In particular, under Rule 801(d)(2)(d), "[a] statement is not hearsay if ... the statement is offered against a party and is the party's own statement, in either an individual or a representative capacity ... or a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." *Thomas v. Cook County Sheriff's Dept.,* 604 F.3d 293, 310 (7th Cir. 2010). The CVA workers made these statements in their capacity as agents for Dominick's political organization, namely, the CVA, as well as employees of the Town of Cicero. Therefore, Dominick's argument is without merit.

## II.     Credibility Determinations

Dominick also argues that the record does not contain any credible evidence that Uvalle's political affiliation was the cause of Uvalle's termination. Dominick's argument, however, is misplaced because at summary judgment at issue is whether the non-movant has presented sufficient evidence raising a genuine issue of material fact for trial, not whether the testimony and evidence that a non-movant relies upon is credible. *See Berry v. Chicago Transit Auth.,* 618 F.3d 688, 691 (7th Cir. 2010). Indeed, at summary judgment, a district court cannot make credibility determinations or weigh the evidence. *See Kodish v. Oakbrook Terrace Fire Protection Dist.,* 604 F.3d 490, 505 (7th Cir. 2010); *see also Hasan v. Foley & Lardner LLP,* 552 F.3d 520, 530 (7th Cir. 2008) ("credibility determinations are reserved to the jury"). As the *Berry* decision explains:

It is worth pointing out here that we long ago buried – or at least tried to bury – the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is "self-serving." If based on personal knowledge or firsthand experience, such testimony can be evidence of disputed material facts.

*Berry,* 618 F.3d at 691(internal citations omitted). Thus, any argument that Uvalle's testimony was self-serving is equally misplaced.

Further, contrary to Dominick's argument, the Court did consider Uvalle's admitted wrongdoing in its analysis – fleshing out the undisputed facts that Uvalle was under investigation for spending time at home during the work day and that he admitted as such. (Mem, Op, & Order, at 5-6.) Nevertheless, because Uvalle established his First Amendment claim under the direct method of proof, the Court was not required to conduct the burden-shifting pretext analysis, including Defendants' proffered reasons for Uvalle's termination. *See Kodish,* 604 F.3d at 501. As the *Kodish* decision teaches:

Whether such a burden shifting analysis survives the Supreme Court's declaration in *Gross* in non-Title VII cases, remains to be seen. In this case, however, we need not concern ourselves with whether burden shifting survives *Gross,* as Kodish has set forth a direct case of retaliation – one that does not require a burden-shifting analysis. Under the direct method, the plaintiff survives summary judgment if he can demonstrate "triable issues as to whether discrimination motivated the adverse employment action."

*Id.* at 501 (internal citations omitted).

## III. Qualified Immunity

Finally, Dominick argues that qualified immunity insulates him from trial because the Court failed to consider Uvalle's inability to present a case "on point" that would justify Uvalle's attempt to hold Dominick liable where Uvalle participated in gross misconduct at the workplace. First, Dominick did not establish that Uvalle participated in "gross misconduct" at the workplace – especially because Dominick did not explain the term "gross misconduct" in terms of the Town of Cicero's employee standards in its summary judgment filings. *See, e.g., Burke v. American Stores Employee Ben. Plan,* 818 F.Supp. 1131, 1135 (N.D. Ill. 1993) (gross misconduct evinces "such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee.").

In addition, as the Court explained in denying Dominick's qualified immunity argument in its earlier order, the Supreme Court does not require that analogous cases under the *Saucier* standard be exactly the same before an official is on notice that his conduct was unconstitutional. *See Hope v. Pelzer,* 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). Instead, the standard is that a "plaintiff must show, on some level, that a violation of this right has been found in factually similar cases, or that the violation was so clear that a government official would have known that his actions violated the plaintiff's rights even in the absence of a factually similar case." *Lee v. Young,* 533 F.3d 505, 512 (7th Cir. 2008). Here, the Court concluded that because it is clearly established that an employee – who is not in a policymaking position like Uvalle – cannot be discharged on the basis of his political affiliation, Dominick's qualified immunity arguments failed. *See Kiddy-Brown v. Blagojevich,* 408 F.3d 346, 357, 359 (7th Cir. 2005). Dominick has made no arguments in his motion for reconsideration that change the Court's qualified immunity decision.